UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTIETAM INDUSTRIES, INC., WILLIAM
WARFEL and JANICE WARFEL,

     Plaintiffs,

v.                                                                    Case No.  6:12-cv-1250-Orl-36TBS

MORGAN KEEGAN & COMPANY, INC.,

     Defendant.

_____

ORDER

     Pending before the Court is Plaintiffs' Amended Motion to Quash Subpoena to

FINRA and Motion for Protective Order. (Doc. 16).[1]  The only difference between

Plaintiffs' original Motion to Quash Subpoena to FINRA and Motion for Protective

Order (Doc. 13) and the instant motion is the inclusion of the certificate of counsel

required by M.D. FLA. R. 3.01(g).

     Plaintiffs bring this action pursuant to the Federal Arbitration Act, 9 U.S.C. § 9

(2008) (the "FAA"), to confirm an award they received in a Financial Industry

Regulatory Authority ("FINRA") arbitration.  (Doc. 1).  Defendants have answered and

moved the Court to vacate the award on the ground that one of the arbitrators

misrepresented and failed to disclose information suggesting he may have been

biased.  (Doc. 7).  Defendant argues that the arbitrator's conduct constitutes "evident

partiality" under FAA Section 10(a)(2) and "misbehavior by which the rights of any

party have been prejudiced" under FAA Section 10(a)(3).  (Id. at 2)  On September 10,

_____

[1]The parties refer to themselves as "Petitioners" and "Respondent," while the Court refers
to them as "Plaintiffs" and "Defendant."

2012, the Defendant caused a subpoena for the following documents and information

to be served on FINRA:

> ALL DOCUMENTS and/or COMMUNICATIONS
> CONCERNING or EVIDENCING the contents of the arbitrator
> files for MASS, including but not limited to all arbitrator
> disclosures, arbitrator applications, resumes, background
> information, conflict information, bias disclosures, arbitrator
> oaths, acknowledgements [sic], and documents signed,
> relating to the WARFEL MATTER, the COFFEY MATTER, or
> any FINRA arbitration to which MASS was or is assigned to as
> an arbitrator.

(Doc. 19-1 at 8).

Although FINRA has not asked the Court for relief from the subpoena, Plaintiffs

are seeking a Court order quashing the subpoena or, in the alternative, a protective

order that the discovery not be had.  (Doc. 16).

Plaintiffs cite to Park v. First Union Brokerage Services, Inc., 926 F.Supp.

1085, 1090 (M.D. Fla. 1996) for the proposition that discovery is not appropriate in this

case, although they do not go as far as to contend that discovery is never permitted in

proceedings to confirm arbitration awards.  The Court in Park rejected First Union's

argument that because the FAA does not expressly prohibit discovery, it must be

allowed.  However, it appears that the primary reason the Court struck a notice of

filing deposition in Park was because it was being utilized by both parties "to continue

with legal argument beyond that authorized by Local Rule 3.01(b)."  Id. at 1090.  In the

same vein, the Court said "the efforts by [First Union] in this 'discovery' suggest that it

is merely a 'tactical response to having lost the arbitration,' or an inappropriate

attempt to seek a 'second bite at the apple' because of dissatisfaction with the

outcome." Id. (quoting Hobet Mining v. Int'l Union, United Mine Workers of America, 877 F.Supp. 1011 (S.D.W.Va. 1994)); see also Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673, 680-81 (7th Cir. 1983), cert. denied, 464 U.S. 1009 (1983); Remmey v. Paine Webber, Inc., 32 F.3d 143, 146 (4th Cir. 1994).

I am persuaded by the holdings in Admin. Dist. Council 1 of Illinois of the Int'l Union of Bricklayers and Allied Craft-Workers, AFL-CIO v. Masonry Co., Inc., No. 12 C 233, 2012 WL 1831454 (N.D.Ill. May 18, 2012) (recognizing the right of a party to depose an arbitrator in limited circumstances, so long as the examination does not question the correctness of the decision); Int'l Union of Elec., Radio and Mach. Workers, AFL-CIO v. Westinghouse Elec. Corp., 48 F.R.D. 298 (S.D.N.Y. 1969) (permitting discovery regarding issue of arbitrability under FED. R. CIV. P. 81(a)(3)); and Univ. Commons-Urbana, Ltd v. Universal Constrs., Inc., 304 F.3d 1331 (11th Cir. 2002) (additional fact finding required into evident partiality of arbitrator), and find that the requested discovery should be permitted in this case.

Defendant challenges Plaintiffs' standing to bring a motion to quash the subpoena. (Doc. 18 at 2). The general rule in the Eleventh Circuit is that a party does not have standing to contest a subpoena served on someone else, unless that party alleges a "personal right or privilege with respect to the materials subpoenaed." Armor Screen Corp. v. Storm Catcher, Inc., No. 07-81091-CIV, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008) (quoting Brown v. Braddiek, 595 F.2d 961, 967 (5th Cir.

1979)).[2]  Defendant's subpoena is not directed to Plaintiffs, it was not served on

Plaintiffs, and Plaintiffs have not asserted any personal right or privilege in the

information described in the subpoena.  Accordingly, Plaintiffs do not have standing to

move to quash the subpoena.

Plaintiffs seek a protective order on the ground that the subpoena is a fishing

expedition in which Defendant is requesting information that is not reasonably

calculated to lead to the discovery of admissible evidence.  Federal Rule of Civil

Procedure 26(c)(1) states that the Court may, "for good cause, issue an order to

protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense[.]"  Because Plaintiffs are parties, they have standing to request a

protective order.  Armor, 2008 WL 5049277 at *3.

Federal Rule of Civil Procedure 26 also governs the scope of discovery.  The

Rule permits "discovery regarding any non-privileged matter that is relevant to any

party's claim or defense . . . [or, upon court order,] any matter relevant to the subject

matter involved in the action." FED. R. CIV. P. 26(b)(1).  The word "relevant" as used in

the Rule, is "construed broadly to encompass any matter that bears on, or that

reasonably could lead to other matter that bears on, any issue that is or may be in the

case." Oppenheimer Fund v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v.

Taylor, 329 U.S. 495, 501(1947)).

Because they are the parties seeking the protective order, Plaintiffs have the

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh
Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the
close of business on September 30, 1981.

burden of showing good cause.  Malibu Media, LLC v. Doe, Case No. 2:12-cv-266-

FtM-29DNF, 2012 U.S. Dist. LEXIS 129163, at *16 (M.D. Fla. Aug. 21, 2012; U&I

Corp. v. Advanced Med. Design, Inc., 251 F.R.D. 667, 673 (M.D. Fla. 2008) .  To carry

their burden, Plaintiffs must make "a particular and specific demonstration of fact as

distinguished from stereo-typed and conclusory statements" supporting the need for a

protective order.  U&I Corp., 251 F.R.D. at 673 (citing United States v. Garrett, 571

F.2d 1323, 1326 n.3 (5th Cir. 1978)).  Plaintiffs make a generalized complaint that

Defendant is on a fishing expedition but their presentation falls well short of a

"particular and specific demonstration."  While the scope of the subpoena is broad, the

focus is on information which may tend to show that one of the arbitrators failed to

disclose or misrepresented information which beared upon his neutrality going into

this arbitration.  This information is relevant to Defendant's motion to vacate the

arbitration award.

Finally, Plaintiffs contend that Defendant's position in asking for this discovery

is inconsistent with its position on the same issue in other cases.  They argue that in

Sturdivant v. Morgan Keegan & Co., Inc., FINRA Case No. 08-03548 and Middle

District of Florida case, Fornell v. Morgan Keegan, Case No. 6:12-cv-0038-27TBS,

Defendant successfully argued that arbitrators who had rendered prior decisions

favorable to Defendant should not be removed from subsequent arbitration panels

because those were "different cases on different facts." (Doc. 16 at 11). Plaintiffs

believe Defendant should not be permitted to take a contradictory position in this

case.  Id. at 12.

The doctrine of judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contrary argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting Pegram v. Herdrich, 530 U.S. 211, 227, n. 8 (2000)).  Generally, for judicial estoppel to be applicable, the parties in both actions must be identical.  Osorio v. Dole Food Co., Case No. 07-22693-CIV-HUCK/O'SULLIVAN, 2009 U.S. Dist. LEXIS 713, at *51 (S.D. Fla. Jan. 5, 2009).  Florida law provides an exception to the mutuality requirement when there are "special fairness and policy considerations" and the party is attempting to use "intentional self-contradiction to obtain an unfair advantage in [this] litigation." Id. at *53-54.  A non-exclusive list of the factors the Court may ultimately consider in deciding whether to apply the doctrine of judicial estoppel includes: (1) whether the party's later position is "clearly inconsistent" with its earlier position; (2) whether the party was successful in persuading a court to accept its earlier position; and (3) whether the party asserting an inconsistent position will realize an unfair advantage or the opposing party will suffer an unfair detriment.  New Hampshire, 532 U.S. at 750-51.  This discovery dispute is not the appropriate point in the litigation to decide the merits of Plaintiffs' argument that Defendant should be judicially estopped from bringing its motion to vacate the arbitration award.  Accordingly, this ground for the issuance of a protective order is rejected.

Now, Plaintiffs' original Motion to Quash Subpoena to FINRA and Motion for Protective Order (Doc. 13) are DENIED AS MOOT and Plaintiffs' Amended Motion to Quash Subpoena to FINRA and Motion for Protective Order (Doc. 16) are DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on October 2, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel