UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTIETAM INDUSTRIES, INC., WILLIAM
WARFEL and JANICE WARFEL,

    Plaintiffs,

v.                                            Case No. 6:12-cv-1250-Orl-36TBS

MORGAN KEEGAN & COMPANY, INC.,

    Defendant.
_____

## ORDER

Pending before the Court is Plaintiffs' Amended Motion to Quash Subpoena to FINRA and Motion for Protective Order. (Doc. 16).[1] The only difference between Plaintiffs' original Motion to Quash Subpoena to FINRA and Motion for Protective Order (Doc. 13) and the instant motion is the inclusion of the certificate of counsel required by M.D. FLA. R. 3.01(g).

Plaintiffs bring this action pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 (2008) (the "FAA"), to confirm an award they received in a Financial Industry Regulatory Authority ("FINRA") arbitration. (Doc. 1). Defendants have answered and moved the Court to vacate the award on the ground that one of the arbitrators misrepresented and failed to disclose information suggesting he may have been biased. (Doc. 7). Defendant argues that the arbitrator's conduct constitutes "evident partiality" under FAA Section 10(a)(2) and "misbehavior by which the rights of any party have been prejudiced" under FAA Section 10(a)(3). (Id. at 2) On September 10,

---

[1]The parties refer to themselves as "Petitioners" and "Respondent," while the Court refers to them as "Plaintiffs" and "Defendant."

2012, the Defendant caused a subpoena for the following documents and information to be served on FINRA:

> ALL DOCUMENTS and/or COMMUNICATIONS CONCERNING or EVIDENCING the contents of the arbitrator files for MASS, including but not limited to all arbitrator disclosures, arbitrator applications, resumes, background information, conflict information, bias disclosures, arbitrator oaths, acknowledgements [sic], and documents signed, relating to the WARFEL MATTER, the COFFEY MATTER, or any FINRA arbitration to which MASS was or is assigned to as an arbitrator.

(Doc. 19-1 at 8).

Although FINRA has not asked the Court for relief from the subpoena, Plaintiffs are seeking a Court order quashing the subpoena or, in the alternative, a protective order that the discovery not be had. (Doc. 16).

Plaintiffs cite to Park v. First Union Brokerage Services, Inc., 926 F.Supp. 1085, 1090 (M.D. Fla. 1996) for the proposition that discovery is not appropriate in this case, although they do not go as far as to contend that discovery is never permitted in proceedings to confirm arbitration awards. The Court in Park rejected First Union's argument that because the FAA does not expressly prohibit discovery, it must be allowed. However, it appears that the primary reason the Court struck a notice of filing deposition in Park was because it was being utilized by both parties "to continue with legal argument beyond that authorized by Local Rule 3.01(b)." Id. at 1090. In the same vein, the Court said "the efforts by [First Union] in this 'discovery' suggest that it is merely a 'tactical response to having lost the arbitration,' or an inappropriate attempt to seek a 'second bite at the apple' because of dissatisfaction with the

outcome." Id. (quoting Hobet Mining v. Int'l Union, United Mine Workers of America, 877 F.Supp. 1011 (S.D.W.Va. 1994)); see also Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673, 680-81 (7th Cir. 1983), cert. denied, 464 U.S. 1009 (1983); Remmey v. Paine Webber, Inc., 32 F.3d 143, 146 (4th Cir. 1994).

I am persuaded by the holdings in Admin. Dist. Council 1 of Illinois of the Int'l Union of Bricklayers and Allied Craft-Workers, AFL-CIO v. Masonry Co., Inc., No. 12 C 233, 2012 WL 1831454 (N.D.Ill. May 18, 2012) (recognizing the right of a party to depose an arbitrator in limited circumstances, so long as the examination does not question the correctness of the decision); Int'l Union of Elec., Radio and Mach. Workers, AFL-CIO v. Westinghouse Elec. Corp., 48 F.R.D. 298 (S.D.N.Y. 1969) (permitting discovery regarding issue of arbitrability under FED. R. CIV. P. 81(a)(3)); and Univ. Commons-Urbana, Ltd v. Universal Constrs., Inc., 304 F.3d 1331 (11th Cir. 2002) (additional fact finding required into evident partiality of arbitrator), and find that the requested discovery should be permitted in this case.

Defendant challenges Plaintiffs' standing to bring a motion to quash the subpoena. (Doc. 18 at 2). The general rule in the Eleventh Circuit is that a party does not have standing to contest a subpoena served on someone else, unless that party alleges a "personal right or privilege with respect to the materials subpoenaed." Armor Screen Corp. v. Storm Catcher, Inc., No. 07-81091-CIV, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008) (quoting Brown v. Braddiek, 595 F.2d 961, 967 (5th Cir.

1979)).[2]  Defendant's subpoena is not directed to Plaintiffs, it was not served on Plaintiffs, and Plaintiffs have not asserted any personal right or privilege in the information described in the subpoena.  Accordingly, Plaintiffs do not have standing to move to quash the subpoena.

Plaintiffs seek a protective order on the ground that the subpoena is a fishing expedition in which Defendant is requesting information that is not reasonably calculated to lead to the discovery of admissible evidence.  Federal Rule of Civil Procedure 26(c)(1) states that the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Because Plaintiffs are parties, they have standing to request a protective order.  Armor, 2008 WL 5049277 at *3.

Federal Rule of Civil Procedure 26 also governs the scope of discovery.  The Rule permits "discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . [or, upon court order,] any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1).  The word "relevant" as used in the Rule, is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case."  Oppenheimer Fund v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501(1947)).

Because they are the parties seeking the protective order, Plaintiffs have the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

-4-

burden of showing good cause. Malibu Media, LLC v. Doe, Case No. 2:12-cv-266-FtM-29DNF, 2012 U.S. Dist. LEXIS 129163, at *16 (M.D. Fla. Aug. 21, 2012; U&I Corp. v. Advanced Med. Design, Inc., 251 F.R.D. 667, 673 (M.D. Fla. 2008) .  To carry their burden, Plaintiffs must make "a particular and specific demonstration of fact as distinguished from stereo-typed and conclusory statements" supporting the need for a protective order. U&I Corp., 251 F.R.D. at 673 (citing United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).  Plaintiffs make a generalized complaint that Defendant is on a fishing expedition but their presentation falls well short of a "particular and specific demonstration."  While the scope of the subpoena is broad, the focus is on information which may tend to show that one of the arbitrators failed to disclose or misrepresented information which beared upon his neutrality going into this arbitration.  This information is relevant to Defendant's motion to vacate the arbitration award.

Finally, Plaintiffs contend that Defendant's position in asking for this discovery is inconsistent with its position on the same issue in other cases.  They argue that in Sturdivant v. Morgan Keegan & Co., Inc., FINRA Case No. 08-03548 and Middle District of Florida case, Fornell v. Morgan Keegan, Case No. 6:12-cv-0038-27TBS, Defendant successfully argued that arbitrators who had rendered prior decisions favorable to Defendant should not be removed from subsequent arbitration panels because those were "different cases on different facts." (Doc. 16 at 11). Plaintiffs believe Defendant should not be permitted to take a contradictory position in this case. Id. at 12.

The doctrine of judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contrary argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting Pegram v. Herdrich, 530 U.S. 211, 227, n. 8 (2000)).  Generally, for judicial estoppel to be applicable, the parties in both actions must be identical.  Osorio v. Dole Food Co., Case No. 07-22693-CIV-HUCK/O'SULLIVAN, 2009 U.S. Dist. LEXIS 713, at *51 (S.D. Fla. Jan. 5, 2009).  Florida law provides an exception to the mutuality requirement when there are "special fairness and policy considerations" and the party is attempting to use "intentional self-contradiction to obtain an unfair advantage in [this] litigation." Id. at *53-54.  A non-exclusive list of the factors the Court may ultimately consider in deciding whether to apply the doctrine of judicial estoppel includes: (1) whether the party's later position is "clearly inconsistent" with its earlier position; (2) whether the party was successful in persuading a court to accept its earlier position; and (3) whether the party asserting an inconsistent position will realize an unfair advantage or the opposing party will suffer an unfair detriment.  New Hampshire, 532 U.S. at 750-51.  This discovery dispute is not the appropriate point in the litigation to decide the merits of Plaintiffs' argument that Defendant should be judicially estopped from bringing its motion to vacate the arbitration award.  Accordingly, this ground for the issuance of a protective order is rejected.

Now, Plaintiffs' original Motion to Quash Subpoena to FINRA and Motion for Protective Order (Doc. 13) are DENIED AS MOOT and Plaintiffs' Amended Motion to Quash Subpoena to FINRA and Motion for Protective Order (Doc. 16) are DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on October 2, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel